# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
Michael G Nastepniak    §    Case No. 14-35790
§
Debtor    §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 10/01/2014. The undersigned trustee was appointed on 10/01/2014.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of    $    23,000.00

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 14.85 |
| Bank service fees | 409.73 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 22,575.42 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 07/14/2015 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 3,050.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 3,050.00 , for a total compensation of $ 3,050.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 10.70 , for total expenses of $ 10.70 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 06/03/2016         By:/s/Cindy M. Johnson
                                   Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 14-35790 | BWB | Judge: | Bruce W. Black | Trustee Name: | Cindy M. Johnson |
|---|---|---|---|---|---|---|
| Case Name: | Michael G Nastepniak | | | | Date Filed (f) or Converted (c): | 10/01/2014 (f) |
| | | | | | 341(a) Meeting Date: | 10/30/2014 |
| For Period Ending: | 06/03/2016 | | | | Claims Bar Date: | 07/14/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Checking -Providence Bank, 20220 S. Lagrange Rd., Frankfort | 200.00 | 0.00 | | 0.00 | FA |
| 2. Miscellaneous Household Goods And Furnishings. | 1,000.00 | 0.00 | | 0.00 | FA |
| 3. Personal Clothing. | 200.00 | 0.00 | | 0.00 | FA |
| 4. Cash Surrender In Life Insurance Policy. Great American Life | 16,816.16 | 0.00 | | 0.00 | FA |
| 5. Stifek Prestige Account, Michael Nastepniak Custodian For Au | 1,989.08 | 0.00 | | 0.00 | FA |
| 6. Ira At Lpl Financial Llc, 9785 Towne Centre Dr, San Diego, C | 3,070.17 | 0.00 | | 0.00 | FA |
| 7. 2006 Infiniti Qx56 4D Sport Utility (@112,000 Miles) | 12,000.00 | 0.00 | | 0.00 | FA |
| 8. Account Receivable from Loan to Mike's Refinishing Inc. (u) | 15,500.00 | 15,500.00 | | 15,500.00 | FA |
| 9. Fraudulent Transfer Recovery (u) | 0.00 | 7,500.00 | | 7,500.00 | FA |
| INT. Void (u) | 0.00 | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values) $50,775.41 $23,000.00 $23,000.00 $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee has reviewed claims and contacted creditor regarding voluntarily filing amended claims to correctly characterize them as unsecured in order to avoid trustee filing objections.

| RE PROP # | 7 | -- | This is not an asset of the estate. Vehicle was transferred to wife before filing, for a sufficiently equivalent value. |
| RE PROP # | 9 | -- | 1/11/16 Trustee settled fradulent transfer recovery/settlement with debtor's wife, subject to court approval. Approvd 4/29/16 (doc. 36) |

Initial Projected Date of Final Report (TFR): 04/30/2016     Current Projected Date of Final Report (TFR): 03/30/2016

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 14-35790 | | Trustee Name: | Cindy M. Johnson |
| Case Name: | Michael G Nastepniak | | Bank Name: | Bank of Kansas City |
| | | | Account Number/CD#: | XXXXXX0055 |
| | | | | Checking |
| Taxpayer ID No: | XX-XXX0749 | | Blanket Bond (per case limit): | $55,728,000.00 |
| For Period Ending: | 06/03/2016 | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/22/15 | 8 | Mikes Refinishing Corporation Drywall<br>966 Lambrecht Dr.<br>Ste A<br>Frankfort, IL 60423-1918 | Account Receivable<br>Share Purchase for Mikes Refinishing Corporation | 1221-000 | $15,500.00 | | $15,500.00 |
| 04/22/15 | 9 | Mikes Refinishing Corporation<br>966 Lambrecht Dr.<br>Ste A<br>Frankfort, IL 60423-1918 | Fraudulent transfer recovery/settlement from wife | 1241-000 | $7,500.00 | | $23,000.00 |
| 04/30/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $22,990.00 |
| 05/15/15 | 101 | Adams Levine<br>Surety Bond Agency<br>60 East 42 st<br>Room 965<br>New York, NY 10165 | 2015 Blanket Bond | 2300-000 | | $5.51 | $22,984.49 |
| 05/29/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $34.17 | $22,950.32 |
| 06/04/15 | 101 | Adams Levine<br>Surety Bond Agency<br>60 East 42 st<br>Room 965<br>New York, NY 10165 | 2015 Blanket Bond Reversal<br>Trustee previously paid bond premium out of pocket. | 2300-000 | | ($5.51) | $22,955.83 |
| 06/30/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.01 | $22,922.82 |
| 07/31/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $34.07 | $22,888.75 |
| 08/31/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $34.01 | $22,854.74 |
| 09/30/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $32.87 | $22,821.87 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*                              Page Subtotals:                $23,000.00         $178.13

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |   | | |
|---|---|---|---|---|
| Case No: | 14-35790 | | Trustee Name: | Cindy M. Johnson |
| Case Name: | Michael G Nastepniak | | Bank Name: | Bank of Kansas City |
| | | | Account Number/CD#: | XXXXXX0055 |
| | | | | Checking |
| Taxpayer ID No: | XX-XXX0749 | | Blanket Bond (per case limit): | $55,728,000.00 |
| For Period Ending: | 06/03/2016 | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/30/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.92 | $22,787.95 |
| 11/30/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $32.77 | $22,755.18 |
| 12/31/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.82 | $22,721.36 |
| 01/29/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.67 | $22,687.69 |
| 02/18/16 | 102 | Adams Levine<br>370 Lexington Ave.<br>Suite 1101<br>New York, NY 10017 | 2016 Blanket Bond Reversal Check Voided due to miscalculation of premium amount | 2300-000 | | ($13.14) | $22,700.83 |
| 02/18/16 | 102 | Adams Levine<br>370 Lexington Ave.<br>Suite 1101<br>New York, NY 10017 | 2016 Blanket Bond | 2300-000 | | $13.14 | $22,687.69 |
| 02/18/16 | 103 | Adams Levine<br>370 Lexington Ave.<br>Suite 1101<br>New York, NY 10017 | 2016 Blanket Bond | 2300-000 | | $14.85 | $22,672.84 |
| 02/29/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $31.45 | $22,641.39 |
| 03/31/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.55 | $22,607.84 |
| 04/29/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $32.42 | $22,575.42 |

|   |   |   |
|---|---|---|
| COLUMN TOTALS | $23,000.00 | $424.58 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals: $0.00 $246.45

|  |  |  |
|---|---|---|
| Subtotal | $29,000.00 | $424.58 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $23,000.00 | $424.58 |

Exhibit B

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0055 - Checking | $23,000.00 | $424.58 | $22,575.42 |
| | $23,000.00 | $424.58 | $22,575.42 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $23,000.00 |
| Total Gross Receipts: | $23,000.00 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 14-35790  
Debtor Name: Michael G Nastepniak  
Claims Bar Date: 7/14/2015  
Date: June 3, 2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Cindy M. Johnson<br>140 S. Dearborn St., Suite 1510<br>Chicago, Illinois 60603 | Administrative | | $0.00 | $3,050.00 | $3,050.00 |
| 100 2200 | Cindy M. Johnson<br>140 S. Dearborn St., Suite 1510<br>Chicago, Illinois 60603 | Administrative | | $0.00 | $10.70 | $10.70 |
| 100 3320 | Alan D. Lasko & Associates, P.C.<br>205 West Randolph Street<br>Suite 1150<br>Chicago, Illinois 60606 | Administrative | | $0.00 | $1.78 | $1.78 |
| 100 3410 | Alan D. Lasko & Associates, P.C.<br>205 West Randolph Street<br>Suite 1150<br>Chicago, Illinois 60606 | Administrative | | $0.00 | $451.80 | $451.80 |
| 1 300 7100 | Sherwin Williams<br>C/O Teller Levit & Silverquist. P.C<br>19 S. Lasalle St., Ste. 701<br>Chicago, Il 60603 | Unsecured | | $22,222.44 | $20,675.21 | $20,675.21 |
| 2 300 7100 | Homestar Bank And Financial Services<br>3 Diversatech Dr<br>Manteno, Il 60950 | Unsecured | | $134,368.91 | $107,732.72 | $107,732.72 |
| 3 300 7100 | Homestar Bank And Financial Services<br>3 Diversatech Dr<br>Manteno, Il 60950 | Unsecured | | $0.00 | $57,124.08 | $57,124.08 |
| 4 300 7100 | Homestar Bank And Financial Services<br>3 Diversatech Dr<br>Manteno, Il 60950 | Unsecured | | $105,442.00 | $105,492.04 | $105,492.04 |
| | Case Totals | | | $262,033.35 | $294,538.33 | $294,538.33 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-35790  
Case Name: Michael G Nastepniak  
Trustee Name: Cindy M. Johnson

| | | |
|---|---|---|
| Balance on hand | $ | 22,575.42 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Cindy M. Johnson | $ 3,050.00 | $ 0.00 | $ 3,050.00 |
| Trustee Expenses: Cindy M. Johnson | $ 10.70 | $ 0.00 | $ 10.70 |
| Accountant for Trustee Fees: Alan D. Lasko & Associates, P.C. | $ 451.80 | $ 0.00 | $ 451.80 |
| Accountant for Trustee Expenses: Alan D. Lasko & Associates, P.C. | $ 1.78 | $ 0.00 | $ 1.78 |

| | |
|---|---|
| Total to be paid for chapter 7 administrative expenses | $ 3,514.28 |
| Remaining Balance | $ 19,061.14 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 291,024.05 have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 6.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Sherwin Williams | $ 20,675.21 | $ 0.00 | $ 1,354.16 |
| 2 | Homestar Bank And Financial Services | $ 107,732.72 | $ 0.00 | $ 7,056.15 |
| 3 | Homestar Bank And Financial Services | $ 57,124.08 | $ 0.00 | $ 3,741.44 |
| 4 | Homestar Bank And Financial Services | $ 105,492.04 | $ 0.00 | $ 6,909.39 |

Total to be paid to timely general unsecured creditors          $          19,061.14

Remaining Balance          $          0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE